### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED TOWING SERVICE, LLC and JAY H.
JOHNSON,

                       **Plaintiffs,**

                      **v.**

CITIZENS COMMUNITY FEDERAL
*a federally chartered savings bank*,
                      **Defendant.**

)
)
)
)
)
)
)
)
)
)
)

**2:13-cv-267**

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the MOTION TO DISMISS COUNTS I AND II OF PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE (ECF No. 4), with brief in support (ECF No. 5), filed by Defendant Citizens Community Federal, a federally chartered savings bank.  Plaintiffs United Towing Service, LLC and Jay H. Johnson filed a response (ECF No. 7) and a brief in opposition (ECF No. 8).  Accordingly, the motion is ripe for disposition.

### I.      Background

As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.  The following background is drawn from the Complaint, and the factual allegations therein are accepted as true for the purpose of this opinion.

Plaintiffs commenced this action on January 30, 2013 in the Court of Common Pleas of Allegheny County by the filing of a three-count Complaint in which they allege claims for malicious prosecution, breach of contract, and promissory estoppel/detrimental reliance. Plaintiff United Towing Service, LLC ("United") is a licensed collector-repossessor which operates in Pennsylvania; Plaintiff Jay H. Johnson acted as its employee at all relevant times.

After Plaintiffs properly served Citizens Community Federal ("Citizens"), Defendant filed its Notice of Removal on February 20, 2013 based on diversity jurisdiction.  The Court proceeded to issue an Order to Show Cause directing Defendant to submit evidence of record to demonstrate that complete diversity of citizenship exists in this case.  *See* ECF No. 3 (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).  Defendant complied by filing an affidavit from Plaintiff Johnson and a certificate from the Pennsylvania Department of State sufficient to establish that diversity existed among each member of the Limited Liability Company.  *See* ECF No. 6.

The events leading up to the Complaint began on February 23, 2011 when Johnson sought to execute an order for repossession of a tractor and a trailer that he believed was located on the property of A-1 Automotive ("A-1") in Turtle Creek, Pennsylvania.  That evening, Johnson found a tractor and a car hauling trailer on the premises of A-1.  Johnson visually inspected the property in order to identify whether those items matched the items listed, confirming that he possessed a valid order of repossession for only the tractor.  Johnson proceeded to repossess the tractor in accordance with the order but left the trailer on the lot.

On February 24, 2011, Johnson returned to A-1 to investigate the whereabouts of the trailer listed on the outstanding order of repossession and engaged the proprietor of A-1, Debra Pushinsky, to discuss the property's status.  During their discussions, the attention seemingly shifted to the trailer sitting on A-1's premises and Pushinsky indicated that there was an outstanding bill for work it previously performed on that trailer.  Pushinsky further explained that A-1 would retain possession by impounding it at a different location to enforce a repairman's lien while payment remained due and owing.

After Johnson left A-1, he began attempts to locate any other lienholder for the trailer located at A-1.   Johnson eventually identified Defendant Citizens Community Federal as a lienholder and spoke with one of its employees, Melissa Ginder.   Johnson inquired into whether Citizens sought repossession of the trailer; Ginder stated there was no current order for the trailer but that the owner had until March 9, 2011 to cure the payment default.   Johnson also notified Ginder of the information he obtained relative to the trailer and offered United's removal and repossession services to Citizens should the default not be cured.

Through Ginder, Citizens orally agreed to engage United's services.   The parties' agreement called for United to take the trailer into protective custody by removing the lien held by A-1 and obtaining possession of the trailer until its owner cured the default in exchange for a fee of approximately $500.00 and reimbursement of one-half the repair bill by Citizens.   On February 24, 2011, United paid the outstanding repair bill to A-1 and Johnson took the trailer from its premises.   Afterward, Johnson sent Citizens a facsimile to the attention of Ginder in which he confirmed that United took custody of the trailer and that it paid the repair bill.

On March 2, 2011, Ginder sent a facsimile to United that gave it authorization to release the trailer to Idris Shabazz who contacted Johnson requesting return of the trailer the same day. Johnson insisted that he would release the trailer upon payment of the repair bill, a demand that Shabazz refused.   Notably, Citizens had yet to reimburse United and/or Johnson for payment of the repair bill and still owed the fees for all services rendered.

Later that day, Shabazz reported the trailer stolen to the Wilkins Township Police Department and indicated his understanding that an individual named "Jay" took the property into protective custody.   Patrolman Jon Sherman of the Wilkins Township Police Department investigated the matter and contacted Johnson for further information.   Johnson informed

3

Sherman that he had indeed taken the trailer into protective custody with Citizen's authorization and that A-1 wanted the trailer removed from its property. Thereafter, Sherman interviewed Pushinsky at A-1 who informed him that Johnson had previously informed her that the trailer entered into protective custody status at the time of removal.

Sherman contacted Citizens on March 7, 2011 where he spoke to Ginder regarding the circumstances under which Plaintiffs took custody of the trailer. Ginder informed Sherman that no order of repossession existed until March 9, 2011 and that Johnson proclaimed he would retain protective custody until that date. However, Ginder allegedly did not inform Sherman that Citizens and United entered into an oral agreement for the latter to take the trailer into protective custody or that Citizens specifically authorized Johnson to take the trailer into protective custody.

As a result of his investigation, Sherman filed a criminal complaint against Johnson on March 10, 2011 in which he alleged theft by unlawful taking, possessing instruments of a crime, receiving stolen property, and unauthorized use of automobiles and other vehicles in violation of Pennsylvania law. The charges were later bound over and filed in the criminal division of the Court of Common Pleas of Allegheny County at Number CC201105147. On February 27, 2012 all criminal charges against Johnson were nolle prossed by the Court of Common Pleas upon the petition of the Allegheny County District Attorney's Office.

Defendant now seeks dismissal of Count One (malicious prosecution) and Count Two (breach of contract) of the Complaint. For the reasons set forth below, the motion to dismiss will be denied.

## II.    Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)  When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)).  However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555).  Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*,

556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff

can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553).  Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)).  While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55).  Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

### III.    Discussion

Defendants move for the Court to dismiss Count One and Count Two of the Complaint. The Court will address its positions seriatim.

### A.   Count One: Malicious Prosecution

At Count One, Plaintiffs set forth a claim for malicious prosecution in which they aver that Ginder "provided false information to [ ] Sherman in his investigation of Johnson by not providing and identifying all material facts regarding the discussions between Ginder and Johnson concerning the removal of the trailer from the premises of A-1."  ECF No. 1-2 at 13, ¶ 66.  To the Plaintiffs, Sherman instituted criminal charges against Johnson based on those omissions.

Defendant submits that the Complaint does not allege that Citizens or its agents actually procured, initiated, or otherwise caused Sherman to bring legal proceedings.  According to the Defendant, "[n]owhere do Plaintiffs identify any alleged 'false information' which CCF or its agent, Melissa Grinder, provided to Patrolman Sherman . . . [and] all that Plaintiffs can allege is

that Ms. Grinder did not voluntarily offer information to Patrolman Sherman during his interview of her as a mere witness in his investigation." ECF No. 5 at 6.

The law in Pennsylvania on malicious prosecution is based on the RESTATEMENT (SECOND) OF TORTS. *Foman v. Albert Einstein Med. Ctr.*, 1043 JAN.TERM 2010, 2011 WL 10548535, *3 (Pa. Com. Pl. Mar. 23, 2011) (citing *Bradley v. Gen. Accident Ins. Co.*, 778 A.2d 707, 710-11 (Pa. Super. Ct. 2001); *Gallucci v. Phillips & Jacobs, Inc.*, 614 A.2d 284, 290 (Pa. Super. Ct. 1992); *Shelton v. Evans*, 437 A.2d 18, 20 (Pa. Super. Ct. 1981)). Section 653 serves as a guide to determine when a private individual can be responsible for initiating a criminal proceeding by providing statements to the police or law enforcement authorities. *See Bradley*, 778 A.2d at 711. In particular, Comment g of § 653 provides

> A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief was one that a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.
>
> If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.

*Bradley v. Gen. Acc. Ins. Co.*, 778 A.2d 707, 711 (Pa. Super. Ct. 2001) (quoting RESTAT. (SECOND) OF TORTS § 653 cmt. g (1965)).   Accordingly, "comment g distinguishes between situations in which a private individual merely provides information to an official . . . and those in which a private individual either provides knowingly false statements to an official or directs or pressures an official to initiate charges, thereby making the officer's intelligent use of discretion impossible." *Id.*

Here, a fair reading of the Complaint at the pleading stage leads to the reasonable inference that false information was supplied which led to the initiation of criminal proceedings against Defendant Johnson.  By either omitting the critical fact that Ginder and Johnson executed an oral agreement on behalf of their respective companies for United to hold the property in protective custody or offering a contrary background to Officer Sherman, his ability to properly exercise his discretion on whether to charge Johnson with unlawfully taking and possessing the trailer was presumably effected.  Should discovery reveal otherwise, the propriety of these allegations may be revisited.  Nevertheless, at this juncture, the Court concludes that Plaintiffs have stated a plausible claim for relief such that they are entitled to move forward.

B.  Count Two: Breach of Contract

At Count Two, Plaintiffs submit that Citizens breached the parties' oral contract in which it agreed to reimburse United one-half the amount of the repair bill and to pay a fee in exchange for all services rendered.

Defendant does not dispute that an oral contract exists or that it has not tendered payment.  Instead, Defendant seeks dismissal "for failure of a condition precedent," arguing that it has no duty to pay Plaintiffs until they provide an appropriate invoice and a W-9 form.

Defendant further submits that it will reimburse Plaintiffs upon receipt of those documents; however, in the interim, Citizens claims that dismissal is appropriate.

The Court is not persuaded by the position advanced by Defendant.  Defendant does not attempt to seek dismissal based on any failure to meet the federal pleading standards, but rather attempts to engraft a condition precedent upon the allegations and inappropriately seeks to obtain evidence in a motion to dismiss.  Defendant will have ample opportunity to obtain the documentation throughout the discovery phase of this litigation.  Accordingly, the Court will deny Defendant's attempt to dismiss Count Two.

### IV.    Conclusion

Based on the foregoing reasons, the motion to dismiss will be denied.  An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED TOWING SERVICE, LLC and JAY H. JOHNSON,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **2:13-cv-267** |
| **v.** | ) |
| | ) |
| **CITIZENS COMMUNITY FEDERAL** | ) |
| *a federally chartered savings bank,* | ) |
| **Defendant.** | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 3rd day of April 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS COUNTS I AND II OF PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE (ECF No. 4), is **DENIED.**

Defendant shall file an Answer to Plaintiffs' Complaint on or before April 17, 2013.  The parties shall file their 26(f) report and ADR stipulation on or before April 24, 2013.  The initial Case Management Conference is hereby scheduled for May 3, 2013 at 11:15 AM in Courtroom 6C.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **John E. Egers, Jr.**
        Email: johnegers@aol.com

        **Jeffrey J. Ludwikowski**
        Email: jludwikowski@psmn.com